<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4153**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CRYSTAL DAWN WEMMERING,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:04-cr-00347-F-3)

Submitted:  June 20, 2007                    Decided:  July 12, 2007

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Deborrah L. Newton, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury charged Crystal Dawn Wemmering in a superseding indictment with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and a quantity of marijuana, in violation of 21 U.S.C. § 846 (2000) (Count One), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A), (B) (2000) (Count Two). The jury convicted Wemmering on Count One with regard to marijuana and on Count Two; the jury did not find Wemmering guilty on Count One with regard to cocaine. The district court sentenced Wemmering to sixty months in prison on Count One and a concurrent 120 months in prison on Count Two, a downward variance from the guideline range. Wemmering appeals, challenging the sufficiency of the evidence to support her convictions and challenging her sentence.[1] Finding no merit to her claims, we affirm.

I.

Wemmering first argues that the evidence was insufficient to support her convictions and therefore the district court erred by denying her motion pursuant to Rule 29 of the Federal Rules of Criminal Procedure for judgment of acquittal. We review de novo a

---

[1]Throughout her brief, Wemmering claims that her trial was tainted by prosecutorial misconduct. However, she did not list this as an issue in her Statement of Issues on appeal, nor did she develop this argument or support it with published authority. See Fed. R. App. P. 28(a)(5), (a)(9)(A). We therefore find that the issue is not properly before us. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) ("Failure to comply with the specific dictates of . . . [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal") (internal citations and quotation marks omitted).

district court's decision to deny a Rule 29 motion. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). Where, as here, the motion was based on a claim of insufficient evidence, the jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Smith, 451 F.3d at 216. Viewing the evidence in the light most favorable to the government, the court considers whether there is evidence that a reasonable fact finder could accept as adequate and sufficient to establish the defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

In order to show that a defendant participated in a drug conspiracy, the government must prove: (1) an agreement between two or more people to violate the law; (2) knowledge of the essential objective of the conspiracy; (3) knowing and voluntary involvement; and (4) interdependence among the alleged conspirators. United States v. Stewart, 256 F.3d 231, 250 (4th Cir. 2001). The existence of a conspiracy, "as well as an agreement to participate in the conspiracy, is a question of fact for the jury[,] [whose findings must be affirmed] . . . unless the evidence, taken in the light most favorable to the government,

would not allow a reasonable jury to so find." United States v. Harris, 39 F.3d 1262, 1267 (4th Cir. 1994) (internal quotation marks and citation omitted).

Jason White, a drug dealer, testified at trial that he had an arrangement with Wemmering under which Wemmering sold marijuana to a third individual and split the profits with White. Pursuant to this arrangement, Wemmering sold one-pound quantities of marijuana to the third party for $4200 on eight separate occasions. In exchange for $9500, she also permitted White to trade her Lexus for fifteen pounds of marijuana, which he planned to sell. Viewing the evidence in the light most favorable to the government, we find that the evidence showed that Wemmering and White had an agreement to violate the law by selling marijuana, Wemmering knew the objective of the conspiracy and knowingly and voluntarily participated, and Wemmering and White depended on each other to fulfill the conspiracy's objective. Although Wemmering's trial testimony contradicted White's, the jury was free to accept or reject any witness' testimony and evidently found White's testimony more credible. Burgos, 94 F.3d at 862. We find that the evidence was sufficient to support Wemmering's conviction on the marijuana conspiracy charged in Count One.

Turning to Count Two, to prove that Wemmering participated in a conspiracy to launder money, the government must show "that (1) a conspiracy to commit . . . money laundering was in existence, and (2) that during the conspiracy, the defendant knew that the proceeds . . . had been derived from an illegal activity,

and knowingly joined in the conspiracy." <u>United States v. Alerre</u>, 430 F.3d 681, 693-94 (4th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1925 (2006).  The indictment charged Wemmering with conspiring to commit both promotion and concealment money laundering.

> While both offenses require the prosecution to trace the funds at issue to a specified unlawful activity, a defendant commits promotion money laundering by transferring the funds "to promote the carrying on of specified unlawful activity," <u>see</u> § 1956(a)(1)(A)(i), whereas concealment money laundering is committed by transferring such funds "to conceal or disguise" their illegal origins, <u>see</u> § 1956(a)(1)(B)(i).

<u>Alerre</u>, 430 F.3d.

We find that the evidence of both concealment and promotion money laundering was more than sufficient to support Wemmering's § 1956 conviction.  Wemmering lived with her boyfriend, Jerry Griffith, in two different houses in Fayetteville, North Carolina, and he helped her pay her bills.  Griffith lacked gainful employment, and evidence of his drug trafficking activities was apparent at both homes Wemmering shared with him.  Between the drug deals that occurred at these locations, the large quantities of drugs, tools of the drug trade, and large sums of cash present in the homes, not to mention the odor and mess from repackaging of bales of marijuana, the details Wemmering provided to White of Griffith's drug activities after she and Griffith had broken up and she began dating White, and evidence of Wemmering's own participation in the activities, such as purchasing inositol for Griffith to enable him to dilute the cocaine for resale, the jury could reasonably infer that Wemmering was aware of Griffith's drug

activities and that she knew the source of his income was controlled substances.

The evidence at trial showed that, although Griffith made the down payment on a Chevrolet Tahoe, it was titled in Wemmering's name. Wemmering knew the Tahoe had a secret compartment used to transport drugs and that Griffith used the vehicle in his drug business. By titling the vehicle in her name, Wemmering helped conceal the source, ownership, and control of the proceeds used to purchase it. We further find that Wemmering's acquiescence in the use of this vehicle, titled in her name, for drug trafficking, was evidence of promotion money laundering.

Additionally, the evidence presented at trial showed that Wemmering conspired to conceal the use of drug proceeds to help Griffith buy a house on Fox Hunt Lane in Fayetteville and that the house was used to promote drug trafficking. Wemmering bought the house exclusively in her own name, although she never lived there. She told one of the investigating officers that Griffith gave her $9500 in drug proceeds to use as the down payment. Furthermore, Griffith and another drug dealer moved into the house and continued to conduct drug activities at this location as they had at the two homes Wemmering had previously shared with Griffith. In light of Wemmering's knowledge of Griffith's drug trafficking history, we find that it was reasonably foreseeable to her that Griffith would use the Fox Lane house as the base for his illegal activities.

We find that the evidence was more than sufficient to show that Wemmering conspired to commit both promotion and concealment money laundering.

## II.

The sentence imposed by the district court was sixty-eight months below the bottom of the guideline range, giving Wemmering a thirty-six percent downward variance below the lowest guideline sentence. Wemmering's challenges to her sentence focus on the drug quantities attributed to her for sentencing purposes.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005). After Booker, courts must calculate the appropriate guideline range, making any proper factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and determine an appropriate sentence. Davenport, 445 F.3d at 370. "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). Even if a sentence is below the advisory guideline range, generally it will be deemed reasonable "if the reasons justifying the variance are tied to § 3553(a) and are plausible." United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).

Wemmering incorrectly maintains that, following Booker, facts that increase the offense level must be proven beyond a

- 7 -

reasonable doubt. The remedial portion of <u>Booker</u> specifically rejected this approach. <u>Booker</u>, 543 U.S. at 246. After <u>Booker</u>, the sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005), <u>cert. denied</u>, 127 S. Ct. 121 (2006). Thus, the district court's determination of Wemmering's offense level, based on findings made by a preponderance of the evidence, was appropriate.

Wemmering also argues that the district court erred by attributing to her for sentencing purposes cocaine and ecstasy when the jury acquitted her of the cocaine conspiracy charge and she was not even charged with ecstasy in the indictment. However, sentencing courts have always maintained the power to consider the broad context of a defendant's conduct, even when the court's view conflicts with a jury verdict. <u>See</u> <u>United States v. Watts</u>, 519 U.S. 148, 152 (1997) (holding that Double Jeopardy Clause did not bar consideration of acquitted conduct in sentencing). In <u>Watts</u>, the Supreme Court held "that a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as the conduct has been proved by a preponderance of the evidence." <u>Id.</u> at 152. <u>Booker</u> did "not, in the end move any decision from judge to jury or change the burden of persuasion." <u>Morris</u>, 429 F.3d at 72. Furthermore, like acquitted conduct, uncharged conduct may be considered relevant conduct for sentencing purposes. <u>United States v. Jones</u>, 31 F.3d 1304, 1316 (4th Cir. 1994); <u>United States v. Carroll</u>, 3 F.3d 89,

101-02 & n.10 (4th Cir. 1993). Based on the evidence presented at trial, we find that a preponderance of the evidence supports the district court's finding for sentencing purposes that Wemmering was responsible for specific quantities of cocaine and ecstasy.

Finally, Wemmering claims that the sentence imposed by the district court violates the principles of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). The Supreme Court held in <u>Apprendi</u> that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Id.</u> at 490. The statutory maximum penalty for a marijuana offense with no prior drug conviction and no charged drug quantity is sixty months, <u>see</u> 21 U.S.C. § 841(b)(1)(D) (2000), and the statutory maximum penalty for money laundering is twenty years, without regard to any drug quantity, <u>see</u> 18 U.S.C. § 1956(a)(1)(B). Wemmering's sixty-month sentence on the marijuana conspiracy conviction and 120-month sentence on the money laundering conspiracy conviction were both within the statutory maximum and hence did not violate <u>Apprendi</u>.

In the absence of other challenges, we find that Wemmering's downward variance sentence is reasonable.

### III.

For these reasons, we affirm Wemmering's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED